SUMMARY ORDER
Plaintiff-Appellant Lancaster Stewart brought suit against Defendants-Appellees Peter Naples, Alaric Fox, and Paul A. Samuels, alleging that they deprived him of equal protection and due process and committed various torts by knowingly misrepresenting the results of a background investigation, thereby costing Stewart an opportunity to become the Principal Investment Officer for the Connecticut Retirement Plans and Trust Funds. The District Court granted Defendants’ motion for summary judgment, finding inter alia that Stewart did not have a “property interest” in the job, and that the “similarly situated” comparator he presented as part of his equal protection claim was not in fact similar to him. On appeal, Stewart challenges both of these holdings.
In order to succeed on his claims of substantive and procedural due process, Stewart must first demonstrate that he had a constitutionally protected property right. See Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir.1995). “Ordinarily, there is no constitutionally protected property interest in prospective government employment.” Abramson v. Pataki, 278 F.3d 93, 100 (2d Cir.2002). To have a property interest in a such a job, “a person clearly must have more than an abstract need or desire for it. He must have more *527 than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.” Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Here, Stewart has failed to show that he had such a legitimate claim to employment, as he was simply being recruited and considered for the position when he submitted to the background check that led to this lawsuit. The District Court therefore did not err by granting summary judgment to Defendants on Stewart’s due process claim.
In order to establish a claim of selective treatment in violation of equal protection, a plaintiff must show that “(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.” Le-Clair v. Saunders, 627 F.2d 606, 609-10 (2d Cir.1980). “To be ‘similarly situated,’ the individuals with whom [Stewart] attempts to compare [him]self must be similarly situated in all material respects” and have “engaged in comparable conduct.” Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir.1997). The District Court did not err in holding that the comparator Stewart offered was not sufficiently similar to Stewart to support his claims.
We have considered the remainder of Stewart’s arguments and adjudged them to be without merit.[1] Accordingly, we AFFIRM the decision of the District Court.

. Stewart has not appealed the judgment against him on his state law claims.